```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JEROME A. EILAND,              )
                               )
        Plaintiff,             )
                               )
    vs.                        )        Case No. 4:08CV908-DJS
                               )
MISSOURI BOARD OF PROBATION    )
AND PAROLE, et al.,            )
                               )
        Defendants.            )

## ORDER

Now before the Court are defendants Missouri Board of Probation and Parole, Penny Hubbard, Reid Forrester, Robert Robinson, Ansel Card, Wayne Crump, Scott Thomas, and Steve Long's motion to dismiss pro se plaintiff Jerome Eiland's complaint [Doc. #20]; and plaintiff's motion for declaratory judgment [Doc. #29]. These matters have been fully briefed and are ready for disposition.

As an initial matter, the Court notes that plaintiff filed his complaint pro se, and as such is held "to less stringent standards than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, plaintiff must comply with substantive and procedural law. See Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988).

For a court to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendant must successfully challenge the

complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction are presumed true and the motion may only succeed if plaintiff has failed to allege an element necessary for subject matter jurisdiction. Id. Dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996)).

Plaintiff is currently serving a term of imprisonment in the Missouri Department of Corrections at the Missouri Eastern Correction Center. Plaintiff contends that, under Missouri law, an offender can earn good time credits for good behavior and that, when earned, these good time credits create a time credit release date. Plaintiff argues that he is entitled to be released from prison on his time credit release date, and that upon his release, defendants cannot impose any type of condition upon him. Plaintiff, in his opposition to defendants' motion to dismiss, submits that his time credit release date is April 23, 2012. He further states that he is not claiming that he is entitled to be released under parole supervision on this date, and that he is not claiming that he is currently being unlawfully confined. Plaintiff states that he "knows that he will be released on his time credit release date [April 23, 2012] as a matter of law," and that he "knows well what the substantive conditions that are likely to be imposed upon him under their supervision." Doc. #26, p. 8. Plaintiff seeks a declaration from this Court that defendants'

expected actions are unconstitutional and illegal, and an injunction preventing defendants' execution and application of such alleged unconstitutional and illegal actions.[1]  Doc. #1, p. 7.

Defendants, however, argue that, to the extent plaintiff seeks a declaration concerning a future release date or the potential imposition of conditions of any future release, such relief is not now ripe for adjudication.[2]  Accordingly, defendants argue that there is no case or controversy before the Court, and that plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jursidiciton.

In order for a plaintiff to maintain a federal lawsuit, he must possess certain basic jurisdictional requirements.  One such requirement is that a plaintiff must present a court with an actual case or controversy.  That is, the plaintiff must submit to the Court a definite and concrete dispute between himself and another, and not one which is speculative or hypothetical.  "The question arises from Article III, § 2, of the United States Constitution, which limits the subject matter jurisdiction of

---

[1] Plaintiff, on pages 24 and 25 of his complaint, sets forth four issues for the Court's consideration.  However, it appears that the thrust of each issue relates to the constitutionality of plaintiff's future time credit release date and defendants' imposition of conditions on plaintiff upon such release.

[2] Defendants make several other arguments concerning the failure of plaintiff to demonstrate the existence of a liberty interest in the relief he seeks.  However, because the Court herein finds that plaintiff has not presented the Court with a justiciable case or controversy, the Court will not opine on the substantive arguments set forth by defendants.

federal courts to actual cases and controversies." McClain v. Am. Economy Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005) (quotation omitted).

In the current case it is clear that plaintiff seeks from this Court a declaration that upon his release in the year 2012, defendants cannot impose any type of condition upon him. The Declaratory Judgment Act, 28 U.S.C. §2201, provides that "[i]n a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. §2201(a). The Act does not create a unique track to federal court or new substantive rights, but rather creates a procedure for adjudicating existing rights. Therefore, the requirements for maintaining an action for a declaratory judgment "are no less strict" then those needed "in any other type of suit." Fed'n of Labor v. McAdory, 325 U.S. 450, 461 (1945). Specifically, the Declaratory Judgment Act dictates that the request for declaratory relief must concern an actual controversy as required by Article III of the United States Constitution.

A court faced with an action for declaratory relief must determine whether the plaintiff's claim is "ripe." Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050 (8th Cir. 1996). "The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether 'there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.'" Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (quoting Caldwell v. Gurley Refining Co., 755 F.2d 645, 649 (8th Cir. 1985)). That is, "[a] live dispute must exist between the parties at the time of the court's hearing." Id. (citing Golden v. Zwickler, 394 U.S. 103 (1969)).

> To be ripe for determination under the Declaratory Judgment Act, a "disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."

Danville Tobacco Ass'n v. Freeman, 351 F.2d 832, 834 (D.C. Cir. 1965) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244 (1952)).

The ripeness inquiry consists of two prongs, "requir[ing] examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" Neb. Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000) (citations omitted). This is in fact a two-pronged test, not two independent bases for ripeness, and the Eighth Circuit Court of Appeals has determined that "[a] party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." Id. at 1039.

The first, "fitness" prong requires an examination of the certainty of the claim, for the purpose of "safeguard[ing] against judicial review of hypothetical or speculative disagreements." Id. at 1038. "While courts shy from settling disputes contingent in

part on future possibilities, certain cases may warrant review based on their particular disposition." Id. The second, "harm" prong, while recognizing that a party need not wait until harm comes about, examines the immediacy and the extent of the alleged threatened harm. Id.

Defendants direct the Court to a Fifth Circuit decision, Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005), in which an issue similar to the current matter arose. In that case, the plaintiff, a federal prisoner, filed a complaint in federal court arguing that the Bureau of Prisons ("BOP") was calculating his good time credit in a manner contrary to federal statute. The court noted that even if the plaintiff's argument had merit and that the BOP was incorrectly calculating his good time credit, the plaintiff would still not be eligible for release until 2012. That court stated:

> Given the temporally distant and speculative nature of [plaintiff's] claim, his allegations do not establish that he will sustain immediate injury and that such injury would be redressed by the relief requested. Accordingly, we conclude that [defendant's]...petition is not ripe for review, and we dismiss the instant appeal for lack of subject-matter jurisdiction.

Sample, 406 F.3d at 312 (quotation omitted).

In this case, plaintiff presents a hypothetical future dispute that, in April of 2012, may or may not exist between the parties. That is, as defendants argue, there is no certainty that plaintiff will continue to demonstrate good behavior, and therefore this Court cannot say with any degree of authority that plaintiff will ever be entitled to time release credits or be released on

parole. And, even if plaintiff is released on parole according to his calculation, at this time there is no reliable means to predict what conditions may or may not be imposed upon him. Therefore, the Court finds that no fixed or final shape of the legal issues plaintiff asks the Court to decide exists. Plaintiff's claim is too speculative for relief, and accordingly fails the first ripeness prong.

Further, given the temporal distance of plaintiff's alleged release date, he has not shown that he will suffer immediate harm. Indeed, plaintiff states that by his calculation he is not <u>eligible</u> for time credit release until April of 2012, approximately two and a half years away. Accordingly, plaintiff also fails the second ripeness prong.

The Court finds that plaintiff has not presented a controversy between himself and defendants of sufficient immediacy and reality to maintain the instant suit.[3] Accordingly, the Court will grant defendants' motion to dismiss. Since the Court finds that defendants' motion to dismiss should be granted, the Court will deny plaintiff's motion for declaratory judgment.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendants Missouri Board of Probation and Parole, Penny Hubbard, Reid Forrester, Robert

---

[3]The Court notes that, although "standing and ripeness are technically different doctrines, they are closely related in that each focuses on whether the harm asserted has matured sufficiently to warrant judicial intervention." <u>Johnson v. Missouri</u>, 142 F.3d 1087, 1090 n.4 (8th Cir. 1998) (quotation omitted). Thus, whether dismissed for lack of standing or lack of ripeness, the Court finds that plaintiff's claim presents no justiciable case or controversy.

Robinson, Ansel Card, Wayne Crump, Scott Thomas, and Steve Long's motion to dismiss plaintiff Jerome Eiland's complaint [Doc. #20] is granted as follows.

**IT IS FURTHER ORDERED** that plaintiff Jerome Eiland's motion for declaratory judgment [Doc. #29] is denied.

**IT IS FURTHER ORDERED** that plaintiff Jerome Eiland's complaint is dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated this <u>  4th  </u> day of August, 2009.

<u>/s/Donald J. Stohr            </u>
UNITED STATES DISTRICT JUDGE